IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| PATRICIA PATTON<br>2013 13th St. NW<br>Washington, DC 20009<br><br>  Plaintiff,<br><br>v.<br><br>INTERNATIONAL MOTORCARS, INC.<br>5050 Auth Way<br>Marlow Heights, MD 20746<br><br>  Defendant. | Civil Action No.: 8:20-cv-413<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

1. Defendant International Motorcars, Inc., d/b/a Passport BMW secured Plaintiff's consent to access her credit report under false pretenses, in violation of the Fair Credit Reporting Act ("FCRA") and the Maryland Consumer Protection Act ("MCPA").

## **JURISDICTION**

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District because the transactions at issue took place here and because Defendant's principal place of business is here.

## PARTIES

5. Plaintiff Patricia Patton ("Plaintiff") is a natural person who resides in the District of Columbia.

6. Defendant International Motorcars, Inc. is a corporation with its principal place of business at 5050 Auth Way, Marlow Heights, Maryland 20746, and operates under the trade name Passport BMW ("Passport").

## FACTS

7. On or about December 9, 2019, Plaintiff visited Passport BMW to purchase a vehicle.

8. Plaintiff selected a 2016 BMW 320i xDrive for purchase.

9. Prior to her visit, Plaintiff had secured sufficient financing for such a purchase through Navy Federal Credit Union.

10. Accordingly, Plaintiff had no interest in or need for any financing connected with the dealership or its partners.

11. Plaintiff advised the Passport, though its salesperson, Milos Petric, that she did not need financing.

12. Passport nonetheless requested that she authorize a credit check.

13. Plaintiff refused, reiterating that she did not need financing and therefore that a credit check would be unnecessary.

14. Passport, through its salesperson, inaccurately told Plaintiff that an authorization for a credit check was required pursuant to the USA PATRIOT Act for identification purposes but assured her that her information would not be used for any other purpose.

15. Contrary to Passport's representations, no requirement currently exists under the USA PATRIOT Act or any other statute for access to consumer reports for the purchase of a vehicle.

16. Plaintiff was then directed to Passport's finance manager, Davaughn Page.

17. By that time, she had been at the dealership for more than five hours and wanted only to finish her transaction so she could leave.

18. Passport, through Mr. Page, told Plaintiff that it could obtain a lower interest rate than she had.

19. Plaintiff repeatedly told Mr. Page that she was not interested in the interest rate offer and did not want to further authorize access to her credit report.

20. Passport, through Mr. Page, advised Plaintiff that, because it had already obtained access to her credit report once for "identity purposes," there would be no further impact on her credit from allowing Passport and its financing partners to access her report.

21. In addition to the fraudulently obtained initial consent to access her credit, Passport's representation to Plaintiff that her credit would not have any further inquiries reported by Passport or any third party, was false and misleading.

22. Based on Passport's initial fraud and further false representations, Plaintiff signed a credit application, at Passport's direction, though she did not wish to obtain credit from those sources.

23. But for Passport's misrepresentations, Plaintiff would not have signed either authorization.

24. Upon information and belief, Passport's salesperson and finance manager acted within the scope of their employment and/or agency, and Passport knew or should have known of their misrepresentations.

25. Pursuant to the fraudulently obtained authorizations, not only did Passport itself access Plaintiff's credit but Passport also provided access to Autos International, Inc., Ally Financial, and SuntTrust Bank.

26. Upon information and belief, Passport agreed and represented in its agreements with the various credit reporting agencies that Passport would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under § 1681b.

27. Passport was required pursuant to 15 U.S.C. §§ 1681q, 1681n and 1681o to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

28. At no time relevant to the allegations in this Complaint did Plaintiff ever have or seek a relationship of any kind with Passport that would create a permissible purpose to access her credit report, as defined in 15 U.S.C. § 1681b(a)(3).

29. Except under false pretenses, Plaintiff has never knowingly given written instructions to Passport to obtain and/or release to a third party her consumer report, and, indeed, refused to do so.

30. Likewise, no statute or court order required Passport to access Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b(1).

31. Passport had an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

32. Reasonable procedures include restricting the ability of its agents to obtain consumer reports on consumers for any impermissible purpose and/or under false pretenses.

33. Upon best information and belief, Passport's illegal and fraudulent acquisition of Plaintiff's credit reports derived from an interest and priority in selling its own or partnered financing products despite Plaintiff's lack of need for or interest in using them.

34. As a result of the multiple hard inquiries on her credit, her credit score decreased by approximately 17 points.

35. The volume of recent inquiries on Plaintiff's credit led to multiple credit denials, including for several personal loans.

36. Also as a result of Passport's actions, Plaintiff suffered emotional distress, anger, and frustration, manifest through symptoms including crying, loss of sleep, headaches, and upset stomach.

37. Passport has a history of unfair and deceptive practices, including the issuance of fake recall notices, for which it entered into a consent order with the Federal Trade Commission in 2018.

## COUNT I
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681 *et seq.* (FCRA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Passport knowingly and/or negligently obtained Plaintiff's credit reports by false pretenses for itself and third parties, in violation of 15 U.S.C. §§ 1681q and n and/or o.

40. Passport knowingly and/or negligently obtained for itself and third parties Plaintiff's consumer reports for purposes not authorized by Plaintiff, statute, or court order.

41. As a result of Passport's violations, Plaintiff suffered damages, including, but not limited to, damage to her credit, denial of credit, and emotional distress.

## COUNT II
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
## MD. CODE ANN., COMM. LAW § 13-301

42. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully stated herein.

43. Passport violated Md. Code Ann., Comm. Law § 13-301(1) by falsely representing to Plaintiff that she was required to provide authorization for a credit check in the purchase of a vehicle for which she was not seeking financing.

44. Passport's representations had the tendency to, and did in fact, mislead Plaintiff.

45. As a result of Passport's violations, Plaintiff suffered damages, including, but not limited to, damage to her credit, denial of credit, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendant's conduct as stated in the foregoing paragraphs, Plaintiff hereby requests the following relief:

- an award of actual damages pursuant to 15 U.S.C. § 1681n and o and Md. Comm. Law §§ 13-408;
- an award of statutory damages pursuant to 15 U.S.C. § 1681n and o;
- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and o, and Md. Comm. Law § 13-408;
- an award of punitive damages;
- an award of pre-judgment and post-judgment interest; and

- for such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated February 18, 2020          Respectfully submitted on behalf of Plaintiff,

*/s/ Courtney L. Weiner*
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com